**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 case, converted from Chapter 11 |
| VASO ACTIVE PHARMACEUTICALS, INC., | Case No. 10-10855 (CSS) |
| Debtor. | |

**FINAL REPORT OF DEBTOR AS DEBTOR IN POSSESSION
UPON CONVERSION OF CHAPTER 11 CASE TO
CHAPTER 7 CASE PURSUANT TO BANKRUPTCY RULE 1019(5)**

**I.    Cash**

a. Cash balance on hand at date of conversion: $3,238.39[1]

b. List the bank name and four digits of account numbers where all of the cash held on conversion date was located.

Danvers Bank (Operating) (0823)
Citizens Bank (Operating) (8456)
Eastern Bank (Payroll Tax) (2593)
Eastern Bank (Operating) (2270)
Eastern Bank (Cash Collateral) (2288)
Eastern Bank (Operating) (2601)

c. Is the case balance on hand at conversion stated above subject to a security interest?     Unknown[2]

d. If so, state the name and address of the secured creditor of the amount unpaid on the security agreement as of the date of conversion.     N/A[3]

---

[1] This amount is the total of the balances of the six (6) bank accounts reflected in Item I(b) hereto as listed in Attachment No. 3 to *Debtor's Post-Confirmation Quarterly Operating Report for the Omnibus Period November 12, 2010 through June 30, 2015* [Docket No. 260] filed on June 24, 2015.

[2] Iroquois Master Fund Ltd. as Agent for itself and similarly situated noteholders may assert a security interest in such assets. The address for Iroquois is 641 Lexington Ave., 20th Floor, New York, NY 10022.

[3] *See* footnote 2.

II. **Accounts Receivable**

    a. Total amount due the debtor from other entities or individuals on date the case was converted to a chapter 7 case: $49,016.63 [4]

    b. Is the account receivable balance stated above subject to a security interest? Unknown [5]

    c. If so, state the name and address of the secured creditor and the amount unpaid on the date of conversion on the security agreement. $ N/A [6]

    d. Itemize below all accounts receivable due the debtor from other entities or individuals on the date that the case was converted to a chapter 7 case. $ N/A [7]

III. **Accounts Payable**

    a. Total unpaid debtor incurred during chapter 11 case: Undetermined professional fees and United States Trustee fees. *See* Item III(b) below.

    b. Itemize below all unpaid debts incurred during the chapter 11 case including unsecured debtors, taxes, wages, administrative expenses, etc., but not including any prepetition debts:

---

[4] The amount of $49,016.63 in accounts receivable is recorded at Item 16 of Schedule B of the Debtor's *Schedules and Statements* filed on April 12, 2010 [Docket No. 30].

[5] Iroquois Master Fund Ltd. as Agent for itself and similarly situated noteholders may assert a security interest in such assets. The address for Iroquois is 641 Lexington Ave., 20th Floor, New York, NY 10022.

[6] *See* footnote 5.

[7] *See* footnote 4 and Schedule B of *Debtor's Schedules and Statements* filed on April 12, 2010 [Docket No. 30].

| Name and Address of Unpaid Creditor | Kind of Debt | Date Incurred | Amount Unpaid |
|---|---|---|---|
| United States Trustee | Professional Fees | 3/11/10 – 11/12/10 | $13,375.00[8] |
| Hinckley Allen & Snyder LLP | Professional Fees/Expenses | 3/11/10 – 9/28/12 | $123,052.74[9] |
| Duane Morris LLP | Professional Fees/Expenses | 3/11/10 – 6/30/11 | $19,079.03[10] |

---

[8] This amount is based on the *United States Trustee's Motion to Compel Debtor to File Post-Confirmation Disbursement Reports and Remit Payment of Delinquent Quarterly Fees to the United States Trustee Pursuant to 28 U.S.C. § 1930(a)(6)* [Docket No. 164] filed on February 12, 2013 which sets forth $13,975.00 due and owing through the fourth quarter of 2012, together with interest thereon in the minimum amount of $217.34 through January 31, 2013. The Office of the United States Trustee will assert additional fees.

[9] This amount is the total of final fees in the amount of $98,810.00 and final expenses in the amount of $24,242.74 requested in the *Second and Final Fee Application of Hinckley, Allen & Snyder LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtor and Debtor-in-Possession for the Period from October 1, 2010 through September 28, 2012* [Docket No. 139] filed on September 28, 2012. The amounts reflect fees and expenses due after the application of a pre-petition retainer of $275,000.00. Hinckley, Allen & Snyder LLP may assert additional fees and expenses.

[10] This amount is the total of final fees in the amount of $90,367.00 and final expenses in the amount of $3,712.03 requested in the *Second Interim and Final Fee Application of Duane Morris LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtor and Debtor-in-Possession for the Interim Period from November 1, 2010 through June 30, 2011 and Final Period from March 11, 2010 through June 30, 2011* [Docket No. 136] filed on February 13, 2012 less the application of a $75,000.00 pre-petition retainer. In addition, Duane Morris LLP has incurred significant additional fees and expenses and reserves its right to seek court approval for such fees pursuant to the Bankruptcy Code and any applicable order of the Court.

| | | | |
|---|---|---|---|
| Cooch & Taylor, P.A. | Professional Fees/Expenses | 4/10/11 – 7/31/14 | $0[11] |

**IV.    Date that Matrix of Unpaid Creditors during the Chapter 11 case was filed**

July 28, 2016

**V.    Original Chapter 11 Assets**

> Itemize below the assets of the debtor other than cash or accounts receivable *on the date the petition was filed* that were disposed of during the chapter 11 case or that were retained but had a reduced or increased value on the date of the conversion to the chapter 7 case:

---

[11] Pursuant to the Order Confirming the Second Amended Chapter 11 Plan of Reorganization for [Main Case No. 10-10855, D.I. 107], Jeoffrey L. Burtch was appointed as the Section 323 Avoidance Action Trustee ("AA Trustee") and authorized to pursue certain avoidance actions under Chapter 5 of the Bankruptcy Code. On June 6, 2011, Cooch & Taylor, P.A. (C&T), on behalf of the AA Trustee, filed a complaint against Kelley Drye & Warren, LLP, Adv. Pro. No. 11-52320 (CSS), which settled for $175,000.00. The Kelley Drye settlement was approved by the Court on November 8, 2013 [Main Case D.I. 243].

On May 20, 2011, C&T, on behalf of the AA Trustee, filed a Section 547, 548, and 6 Del.C. §§ 1304(a), 1305(a) and (b) complaint against John J. Masiz ("Masiz") demanding $776,363.00, and against Joseph F. Frattaroli ("Frattaroli") demanding $322,827.00, Adv. Pro. 11-52005 (CSS). On October 9, 2012, this Court entered judgment against Frattaroli for $322,827.00. See *Burtch v. Masiz, et al. (In re Vaso Active Pharmaceuticals, Inc.)*, 2012 WL 4793241 *1 (Bankr. D.Del.) (footnote 1). On December 19, 2012, the Court entered a Rule 54(b) final judgment against Frattaroli in the amount of $322,827.00, and 6% pre-judgment interest from December 29, 2009 and post-judgment interest. [D.I. 59].

On October 15, 2013, the Court issued an Opinion and Order granting the AA Trustee judgment against Masiz in the amount of $741,842.45. [Amended Order, D.I. 124]. On December 3, 2013, the Court issued a Rule 54(b) final judgment against Masiz in the amount of $741,842.45 and 6% prejudgment interest from December 29, 2009 and post-judgment interest [D.I. 142]. Both Masiz and Frattaroli filed various appeals.

The Trustee was authorized to pay CT asserted fees in the amount of $953,771.00 and expenses in the amount of $21,908.21 pursuant to the Court's Order Granting the First Interim Application of Cooch & Taylor, P.A. for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to Jeoffrey L. Burtch, Avoidance Action Trustee for the Period from April 10, 2011 through July 31, 2014 [Docket No. 256] entered on September 24, 2014. The AA Trustee and/or CT may assert fees and expenses in the case.

| Description of Asset | Value scheduled in Schedules A and B | If disposed of, explain disposition | If retained, value on date of conversion |
|---|---|---|---|
| Bank Accounts | $601,132.87 | Per Settlement[12] | *See* item I(a) hereof |
| Office Supplies/ Equipment | $35,900.00 | N/A | Unknown |
| Legal Claim Against Iroquois Master Fund, Ltd. | Unknown | Unknown | Unknown |
| Customer List | Unknown | Unknown | Unknown |
| Avoidance Actions | N/A | *See* footnote 11 | *See* footnote 11 |

**VI. New Chapter 11 Assets**

Itemize below the assets of the debtor other than cash or accounts receivable that were acquired by the debtor during the chapter 11 case and that were disposed of during chapter 11 case or that were retained as assets on the date of conversion to a chapter 7 case.

| Description of Asset | Price paid for asset | If disposed of, explain disposition | If retained, value on date of conversion |
|---|---|---|---|

None.

**VII. Executory Contracts and Unexpired Leases**

a. <u>Rejected</u>: List below the unexpired leases and other executory contracts that were rejected during the chapter 11 case, including the name and address of every other party to each contract, the obligations of each party under the contract and the description and value of the property covered by the contract:

N/A

b. <u>New, assumed or not rejected</u>: List below the unexpired leases and other executory contracts that were assumed or not rejected and the new executor contracts including leases that were entered into during the chapter 11 case,

---

[12]Substantially all of the cash on hand as of the petition date was transferred pursuant to the *Stipulation and Order of Settlement of Adversary Proceeding and Conversion Motion* which was approved by the Court on June 7, 2010 [Docket No. 20].

including the name and address of every other party to each contract, the obligations of each party under the contract and the description and value of property covered under the contract:

N/A

**VIII.    Payments to Insiders during the course of the Chapter 11 pendency**

N/A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VASO ACTIVE PHARMACEUTICALS, INC., | Case No. 10-10855 (CSS) |
| Debtor. | |

### CERTIFICATION OF D'ANNE HURD IN SUPPORT OF FINAL REPORT OF DEBTOR AND DEBTOR IN POSSESSION UPON CONVERSION OF CHAPTER 11 CASE TO CHAPTER 7 CASE PURSUANT TO BANKRUPTCY RULE 1019(5)

I, D'Anne Hurd, hereby certifies:

1. I am a Member of the Board of Directors of Vaso Active Pharmaceuticals, Inc.

2. I have reviewed the *Final Report of Debtor and Debtor in Possession Upon Conversion of Chapter 11 Case to Chapter 7 Case Pursuant to Bankruptcy Rule 1019(5)* (the "Final Report").

4. Upon review of the Final Report, and upon information and belief, the information contained in the Final Report is true and correct to the best of my knowledge.

5. The information set forth in the Final Report is taken from the documents and sources identified therein and in each instance is the basis for my knowledge.

I hereby declare certify under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2016

_D'Anne Hurd_
D'Anne Hurd

DM3\4166639.1