IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VASO ACTIVE PHARMACEUTICALS, INC., | ) | Case No. 10-10855 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JEOFFREY L. BURTCH, AVOIDANCE ACTION TRUSTEE | ) ) | |
| | ) | Adv. Pro. 11-52005 (CSS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN J. MASIZ, AND JOSEPH F. FRATTAROLI, | ) ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF LIEN OF COOCH AND TAYLOR, P.A.

**PLEASE TAKE NOTICE** that Cooch and Taylor, P.A. ("Cooch and Taylor") a creditor in the above-captioned bankruptcy case, by and through undersigned counsel, **GIVES NOTICE** of its charging lien on any judgment, settlement, or any other recovery derived in any way from the above captioned adversary proceeding, 11-52005 (CSS), in Vaso Active Pharmaceuticals, Inc., (the "Debtor", and/or "Vaso"), Case No. 10-10855 (CSS) ("Main Case"), in favor of the Plaintiff Jeoffrey L. Burtch, the Avoidance Action Trustee under the Confirmation Order of Vaso Active Pharmaceuticals, Inc., or the Debtor, or any other Debtor representative, and states:

1. Under the Confirmation Order,[1] Jeoffrey L. Burtch was appointed as the Avoidance Action Trustee, (the "AA Trustee") pursuant to sections 321, 322 and 323 of the

---

[1] On November 12, 2010, the Bankruptcy Court entered the Findings of Fact, Conclusions of Law and Order Under 11 U.S.C. § 1129(a) and (b) and Fed. R. Bankr. P. 3020 Confirming the Second Amended Chapter 11 Plan of Reorganization for Vaso Active Pharmaceuticals, Inc. (the "Confirmation Order") [D.I. 116].

Bankruptcy Code and was assigned all Avoidance Actions Claims and other claims under Section 544, 547, 548 and 550 of the Bankruptcy Code to pursue for the benefit of the creditors of the Debtor. [Main Case D.N. 116].

2. Cooch and Taylor was employed to represent the AA Trustee, *nunc pro tunc* to April 10, 2011, in connection with bringing the Avoidance Actions Claims. [Main Case D.N. 133].

3. On May 20, 2010, the AA Trustee, through the undersigned counsel, filed the *"Complaint To Avoid Transfers Pursuant to 11 U.S.C. §§ 547, 548 and 544(b) and 6 Del.C. §§ 1304(a), 1305(a) and (b), to Recover Property Transferred Pursuant to §550, and Unjust Enrichment"* (the "Complaint") against John J. Masiz ("Masiz") and Joseph F. Frattaroli ("Frattaroli"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") initiating adversary proceeding number 11-52005 (CSS) (the "Masiz and Frattaroli Proceeding"). [Adv. D.N. 1].

4. In the Complaint the AA Trustee was seeking to avoid $776,363.00 against Masiz, and $322,827.00.00 against Frattaroli.

5. In the Masiz and Frattaroli Proceeding, on December 19, 2012, the Bankruptcy Court entered a Rule 54(b) Final Judgment against Frattaroli, in favor of the AA Trustee, through undersigned counsel, in the amount of $322,827.00 and 6% pre-judgment interest from December 29, 2009 and post-judgment interest, (the "Frattaroli Final Judgment") [Adv. D.N. 59].[2] *See* attached as *Exhibit 1*.

---

[2] On January 2, 2013, Frattaroli filed a "Notice of Appeal (the "Appeal") initiating an Appeal with the United States District Court for the District of Delaware (the "District Court"), CA 1.13.cv.00170. [Adv. D.N. 61]. Frattaroli did not pursue the Appeal, and the District Court dismissed the appeal and closed the case on September 10, 2015.

2

6. On October 15, 2013, the Bankruptcy Court entered an Opinion and Order[3], on October 16, 2013 an Amended Order, and on October 21, 2013 and December 3, 2013 a Rule 54(b) Final Judgment against Masiz in the amount of $741,842.454 in favor of the AA Trustee, through undersigned counsel, providing for pre-judgment interest at 6% from December 29, 2009, and post-judgment interest (the "Masiz Final Judgment"). [Adv. D.N. 129, Main Case D.N. 238, and refiled on December 3, 2013 as Adv. D.N. 142-1]. *See* attached as *Exhibit 2*.[4]

7. On October 29, 2013, Masiz filed a Notice of Appeal from the Bankruptcy Court's October 21, 2013 Final Judgment and Order, initiating a second District Court appeal[5], Civ. No. 13-1992-LPS ("Masiz' Second Appeal") and on December 9, 2013, by Order the District Court permitted the consolidation of Masiz' two appeals in the District Court.

8. On September 9, 2015, the District Court entered an Opinion and Order ("The District Court Opinion and Order") (537 B.R. 182 (D. Del. 2015)), dismissing Masiz' First Appeal and denying Masiz' Second Appeal by affirming the Bankruptcy's Court October 21, 2013 Final Judgment and Order.

9. On October 2, 2015, Masiz appealed the September 9, 2015 District Court Opinion and Order related to the Masiz' First and Second District Court Appeals to the Third Circuit, initiating Third Circuit cases Nos. 15-3403 and 15-3404 (collectively, "The Third Circuit Appeals"), which were consolidated for all purposes.

---

[3] October 15, 2013, Opinion, Adv. D.N. 122 and Main Case D.N. 233, the Order, Adv. D.N. 123 and Main Case D.N. 234. On October 16, 2013 the Bankruptcy Court entered an Amended Order, Adv. D.N. 124 and Main Case D. N. 235.

[4] In the Debtor's *Final Report of Debtor AS Debtor in Possession Upon Conversion of Chapter 11 Case to Chapter 7 Case Pursuant to Bankruptcy Rule 1019(5)*, filed July 28, 2016, in footnote 11, Vaso summarized the litigation history of the AA Trustee, and the work of Cooch and Taylor in the Frattaroli Final Judgment and Masiz Final Judgment. (Main Case D.N. 309).

[5] Masiz' first appeal to the District Court is Civ. No. 13-169-LPS, ("Masiz' First Appeal").

10. On February 23, 2016, Masiz and the AA Trustee (collectively the "Parties"), through the undersigned counsel, participated in a telephonic mediation with Third Circuit Mediator Penny Conly Ellison, pursuant to Local Appellate Rule 33.0 for the United States Court of Appeals for the Third Circuit, and in order to avoid the costs, risks and delay of litigation, the Parties determined to resolve their disputes relating to The Third Circuit Appeals on the terms and subject to the conditions set forth in the Settlement Agreement:

> "Masiz agrees to pay to the Trustee, and the Trustee agrees to accept the sum of $210,000.00 (the "Settlement Amount"), per the terms set forth below in full and complete satisfaction of the Masiz Final Judgment, in three installments as follows:
>
> a. $50,000 payment due by July 31, 2016,
> b. $80,000 payment due by January 31, 2017,
> c. $80,000 payment due by July 31, 2017...."

(the "Third Circuit Masiz Settlement") (*see* attached as *Exhibit 3*).

11. On July 11, 2016, the Bankruptcy Court entered the "Order Converting Chapter 11 Case to Case Under Chapter 7 of the Bankruptcy Code Pursuant to 11 U.S.C. § 1112(a)" (the "Vaso Chapter 7 Conversion Order"). [Main Case D.N. 296].

12. On July 14, 2016, David W. Carickhoff, Esq. was appointed as the Interim Chapter 7 Trustee of Vaso. [Main Case D.N. 305].

13. On September 24, 2014, the Bankruptcy Court entered the "Order Granting Application of Cooch and Taylor, P.A. for Compensation for Services Rendered and Reimbursement of Expenses As Counsel to Jeoffrey L. Burtch, Avoidance Action Trustee For the Period From April 10, 2011 Through July 31, 2014", in the amount of $953,771.00 for fees, and $21,908.21 for expenses (the "Cooch and Taylor Fee App. Order"). [Main Case D.N. 256]. *See* attached as *Exhibit 4*.

14. At the present time, the Debtor is indebted to Cooch and Taylor for legal services rendered for approximately $877,346.81 unreimbursed and outstanding on the Cooch and Taylor Fee App. Order, of which approximately, $849,538.00 is attributed solely to Cooch and Taylor's legal representation in the Masiz and Frattaroli Proceeding. The Affidavit of Account Due attached to this Notice verifies the amount due Cooch and Taylor and statues the account is justly due and owing. *See* attached as *Exhibit 5*.

15. Cooch and Taylor has additional legal fees of $71,307.00 and $2,061.16 in expenses incurred from August 1, 2014 through July 31, 2016 for which they have not filed a fee application nor received Bankruptcy Court approval at this time. *See* attached as *Exhibit 5*.

16. Delaware law recognizes a common law attorney's lien on any recovery of a judgment or settlement resulting from the attorney's services. *See Doroshow, Pasquale, Krawitz & Bhaya v. Nanticoke Mem'l Hosp., Inc.*, 36 A.3d 336, 340-42 (Del. 2012). Cooch and Taylor was counsel for the AA Trustee in the Masiz and Frattaroli Proceeding from the filing of the Complaint, to the Frattaroli Final Judgment, Masiz Final Judgment, and through the Third Circuit Masiz Settlement.

17. Cooch and Taylor reserves all rights to amend or supplement this Notice.

Dated: July 29, 2016.

                                        **COOCH AND TAYLOR, P.A.**

By: *Robert W. Pedigo*
Robert W. Pedigo (#4047)
The Brandywine Building
1000 West Street, 10th Floor
P.O. Box 1680
Wilmington, DE 19899-1680
Direct: 302.984.3832
Fax: 302.984.3939

rpedigo@coochtaylor.com

Attorneys for Jeoffrey L. Burtch, Avoidance Action Trustee pursuant to Confirmation Order of Vaso Active Pharmaceuticals, Inc.