**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> VASO ACTIVE PHARMACEUTICALS, INC. <br><br> Debtor. | Chapter 7 <br><br> Case No. 10-10855 (CSS) <br><br> **Hearing Date: 10/31/18 at 1:15 p.m. (ET)** <br> **Objection Deadline: 10/12/18 at 4:00 p.m. (ET)** |

**CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENT BY AND BETWEEN THE CHAPTER 7 TRUSTEE AND JOSEPH F. FRATTAROLI**

David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the estate of Vaso Active Pharmaceuticals, Inc. (the "Debtor"), hereby moves this Court for entry of an Order approving the settlement with Joseph F. Frattaroli ("Frattaroli") (the "Motion"). In support thereof, the Trustee respectfully states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

3. On March 11, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

4. On November 12, 2010, the Court entered its *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Chapter 11 Plan of Reorganization for Vaso Active Pharmaceuticals, Inc.* [Dkt No. 116] (the "Confirmation Order").

5. Jeoffrey L. Burtch was appointed as the Avoidance Action Trustee (the "AA Trustee") pursuant to the Confirmation Order.

6. On May 20, 2010, the AA Trustee filed a complaint (the "Complaint") against John J. Masiz ("Masiz") and Frattaroli in the Bankruptcy Court, thereby initiating adversary proceeding No. 11-52005 (the "Masiz and Frattaroli Proceeding").

7. On December 19, 2012, the AA Trustee procured a final judgment in the Masiz and Frattaroli Proceeding against Frattaroli in the amount of $322,827.00, plus pre-judgment and post-judgment interest (the "Frattaroli Judgment").[1]

8. On August 11, 2014, the Bankruptcy Court entered an Order in the Masiz and Frattaroli Proceeding, *inter alia*, sanctioning Frattaroli in the amount of $20,000, payable to the AA Trustee (the "Sanctions Order").

9. The Masiz and Frattaroli Proceeding was closed on or about May 4, 2016.

10. On July 11, 2016, the Bankruptcy Court entered an order converting the Debtor's chapter 11 case to a case under chapter 7.

11. On July 14, 2016, the Trustee was appointed as chapter 7 trustee of the Debtor's estate pursuant to section 701(a) of the Bankruptcy Code.

12. The Trustee has made attempts to collect on the Frattaroli Judgment. In connection therewith, the Trustee and Frattaroli engaged in good faith, arm's-length negotiations

---

[1] Thereafter, the AA Trustee procured a final judgment in the Masiz and Frattaroli Proceeding against Masiz (the "Masiz Judgment"). The Masiz Judgment has been satisfied pursuant to a settlement agreement regarding amount and timing of the payments.

and have entered into, subject to Bankruptcy Court approval, a settlement agreement (the "Settlement Agreement"), a copy of which is attached hereto as Exhibit A. By the Settlement Agreement, the parties have resolved all issues regarding the Frattaroli Judgment and collection thereon, without the attendant cost, risks, and burdens that would be imposed by further collection efforts and litigation.

## MATERIAL TERMS OF SETTLEMENT AGREEMENT

13. Because the Settlement Agreement is attached hereto and is incorporated herein by reference, the Trustee will not repeat every term of the Settlement Agreement in this Motion. However, certain material terms are highlighted below.[2]

(a) Settlement Effective Date. The effective date of the Settlement Agreement and all of its terms shall be the date upon which all of the following have occurred: (i) entry of a final-non appealable order of the Bankruptcy Court approving the Settlement Agreement; and (ii) the Trustee has received the full Settlement Amount (as defined below) in good funds (the "Settlement Effective Date").

(b) Settlement Amount. Frattaroli agrees to pay, or cause to be paid, to the Trustee and the Trustee agrees to accept the sum of $35,000 (the "Settlement Amount"), subject to the terms of the Settlement Agreement, in full and complete satisfaction of the Frattaroli Judgment. As of the date of this Motion, the Trustee has received the entire Settlement Amount. In the event the Settlement Agreement is not approved by the Bankruptcy Court, the Trustee will promptly return the Settlement Amount.

(c) Satisfaction of the Frattaroli Judgment. Upon the Settlement Effective Date, the Frattaroli Judgment shall be deemed satisfied and any related judgment lien shall be deemed satisfied and released. Upon the Settlement Effective Date, or within a reasonable time thereafter, the Trustee shall file a Notice of Satisfaction of the Frattaroli Judgment in the Masiz and Frattaroli Proceeding (the "Notice of Satisfaction"). Frattaroli, in his discretion, may lodge a certified copy of the Notice of Satisfaction (i) in any jurisdiction in which the Frattaroli Judgment has by operation of law or otherwise attached to any real or personal property owned by Frattaroli and/or (ii) with any credit reporting agencies to which the Frattaroli Judgment has been reported. For the avoidance of doubt, the Frattaroli Judgment shall remain a valid final judgment unless and until the Settlement Effective Date occurs.

---

[2] The description of the Settlement Agreement contained herein is summary in nature only and is not intended to alter or modify any terms of the Settlement Agreement. To the extent that there are any inconsistencies with the Settlement Agreement, the terms of the Settlement Agreement shall control.

(d) <u>Vacatur of Sanctions Order</u>.  Subject to the occurrence of the Settlement Effective Date, the Trustee will not oppose a request by Frattaroli to have the Sanctions Order vacated by the Bankruptcy Court.

(e) <u>Mutual, General Releases</u>.  Upon the Settlement Effective Date, except to enforce obligations arising under the Settlement Agreement, the Parties mutually release one another from all claims, causes of action, suits, and proceedings, including, but not limited to (i) Frattaroli's administrative expense claim in the principal amount of $325,769.23 asserted on account of uncompensated post-petition work Frattaroli performed on behalf of the company and its creditors in an effort to consummate the contemplated reverse-merger reorganization plan, (ii) the Masiz and Frattaroli Proceeding and, (iii) all potential actions arising under or in connection with Chapter 5 of the Bankruptcy Code.

**RELIEF REQUESTED AND BASIS THEREFOR**

14. By this Motion, the Trustee seeks entry of an Order, substantially in the form attached hereto, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Settlement Agreement.

15. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). In addition, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order… that is necessary or appropriate to carry out the provision of this title." 11 U.S.C. § 105(a).

16. In determining whether a settlement should be approved, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S.414, 425 (1968).  To that end, Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the bankruptcy Court.  *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).  However, "[c]ompromises are favored in bankruptcy" and courts generally defer to a trustee's business

judgment when there is a legitimate business justification for the trustee's decision. *Martin*, 91 F.3d. at 393-395.

17. Moreover, a settlement should be approved if it falls above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge…is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *In re Tech. for Energy Corp.*, 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

18. Here, the standards for approval of the Settlement Agreement with Frattaroli are easily met. By the Settlement Agreement, the parties have resolved all issues regarding the Frattaroli Judgment and collection thereon, without the attendant cost, risks, and burdens that would be imposed by further collection efforts and litigation. Indeed, in this particular situation, the Trustee anticipates that collection efforts would be difficult and costly with a result that is unlikely to yield a materially better result than the compromise reached via the Settlement Agreement. *See Martin* 91 F.3d. at 393 (noting that Courts should consider the "likely difficulties in collection" when reviewing a proposed settlement).

19. The Trustee respectfully submits that the compromise reached is fair, reasonable, and in the best interest of the Debtor's estate and creditors. The Trustee likewise believes the

settlement is founded on the exercise of his sound business judgment, and is above the "lowest point in the range of reasonableness."

## NOTICE

20. Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have previously requested notice in this case pursuant to Bankruptcy Rule 2002; (c) the AA Trustee and his former counsel; and (d) counsel for Frattaroli. Such notice is reasonable in light of the circumstances of this chapter 7 case and the nature of the relief sought herein.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court enter the attached Order granting the Trustee's Motion approving the settlement with Frattaroli and granting such other and further relief as the Court deems just and equitable.

Dated: September 25, 2018

By: /s/ *Alan M. Root*
Alan M. Root (No. 5427)
ARCHER & GREINER, P.C.
300 Delaware Ave., Suite 1100
Wilmington, DE 19801
Telephone: (302) 777-4350
Facsimile: (302) 777-4352
Email: aroot@archerlaw.com

*Attorneys for the Chapter 7 Trustee*