# **EXHIBIT A**

## SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement") is made by and between David W. Carickhoff, in his capacity as the chapter 7 trustee (the "Trustee") of the bankruptcy estate of Vaso Active Pharmaceuticals, Inc. (the "Debtor") and Joseph F. Frattaroli ("Frattaroli" and together with the Trustee, the "Parties").

## RECITALS

A. On March 11, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

B. On November 12, 2010, the Court entered its *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Chapter 11 Plan of Reorganization for Vaso Active Pharmaceuticals, Inc.* [Dkt No. 116] (the "Confirmation Order").

C. Jeoffrey L. Burtch was appointed as the Avoidance Action Trustee (the "AA Trustee") pursuant to the Confirmation Order.

D. On May 20, 2010, the AA Trustee filed a complaint (the "Complaint") against John J. Masiz ("Masiz") and Frattaroli in the Bankruptcy Court, thereby initiating adversary proceeding No. 11-52005 (the "Masiz and Frattaroli Proceeding").

E. On December 19, 2012, the AA Trustee procured a final judgment in the Masiz and Frattaroli Proceeding against Frattaroli in the amount of $322,827.00, plus pre-judgment and post-judgment interest (the "Frattaroli Judgment").

F. Thereafter, the AA Trustee procured a final judgment in the Masiz and Frattaroli Proceeding against Masiz (the "Masiz Judgment"). The Masiz Judgment has been satisfied pursuant to a settlement agreement regarding amount and timing of the payments.

G. On August 11, 2014, the Bankruptcy Court entered an Order, *inter alia*, sanctioning Frattaroli in the amount of $20,000, payable to the AA Trustee (the "Sanctions Order").

H. On July 11, 2016, the Court entered an order converting the Debtor's chapter 11 case to a case under chapter 7.

I. On July 14, 2016, the Trustee was appointed as chapter 7 trustee of the Debtor's estate pursuant to section 701(a) of the Bankruptcy Code.

J. The Trustee has made attempts to collect on the Frattaroli Judgment. In connection therewith, the Parties have engaged in good faith, arm's-length negotiations and have agreed, so as to avoid the cost, risks, and burdens that would be imposed by collection efforts

1



and litigation to resolve all issues amongst the Parties with respect to the Frattaroli Judgment on the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties as follows:

## AGREEMENT

1. Incorporation of Recitals. The foregoing recitals are incorporated herein by reference.

2. Settlement Effective Date. The effective date of this Settlement Agreement and all of its terms shall be the date upon which all of the following have occurred: (i) entry of a final, non-appealable order of the Bankruptcy Court approving this Settlement Agreement; and (ii) the Trustee has received the full Settlement Amount (as defined below) in good funds (the "Settlement Effective Date").

3. Settlement Amount. Frattaroli agrees to pay to the Trustee and the Trustee agrees to accept the sum of $35,000 (the "Settlement Amount"), subject to the terms of this Settlement Agreement, in full and complete satisfaction of the Frattaroli Judgment. The Trustee acknowledges prior receipt of $5,000 from Frattaroli in partial payment of the Settlement Amount. On or before September 17, 2018, Frattaroli shall cause to be paid the balance of the Settlement Amount ($30,000) to the Trustee. In the event the Settlement Agreement is not approved by the Bankruptcy Court, the Trustee shall promptly return the Settlement Amount to Frattaroli.

4. Satisfaction of the Frattaroli Judgment. Upon the Settlement Effective Date, the Frattaroli Judgment shall be deemed satisfied and any related judgment lien shall be deemed satisfied and released. Upon the Settlement Effective Date, or within a reasonable time thereafter, the Trustee shall file a Notice of Satisfaction of the Frattaroli Judgment in the Masiz and Frattaroli Proceeding (the "Notice of Satisfaction"). Frattaroli, in his discretion, may lodge a certified copy of the Notice of Satisfaction (i) in any jurisdiction in which the Frattaroli Judgment has by operation of law or otherwise attached to any real or personal property owned by Frattaroli and/or (ii) with any credit reporting agencies to which the Frattaroli Judgment has been reported. For the avoidance of doubt, the Frattaroli Judgment shall remain a valid final judgment unless and until the Settlement Effective Date occurs.

5. Vacatur of Sanctions Order. Subject to the occurrence of the Settlement Effective Date, the Trustee shall not oppose a request by Frattaroli to have the Sanctions Order vacated by the Bankruptcy Court.

6. Bankruptcy Court Approval. After this Settlement Agreement is executed by the Parties, the Trustee shall file a motion with the Bankruptcy Court seeking approval of the Settlement Agreement. The Parties shall each use reasonable efforts to obtain such approval. In the event that the Bankruptcy Court does not approve this Settlement Agreement, the Settlement Agreement shall be null and void and of no force and effect.



7. <u>Mutual, General Releases</u>. Upon the Settlement Effective Date, except to enforce obligations arising under this Agreement, the Parties mutually release one another from all claims, causes of action, suits, and proceedings, including, but not limited to (i) Frattaroli's administrative expense claim in the principal amount of $325,769.23 asserted on account of uncompensated post-petition work Frattaroli performed on behalf of the company and its creditors in an effort to consummate the contemplated reverse-merger reorganization plan, (ii) the Masiz and Frattaroli Proceeding and, (iii) all potential actions arising under or in connection with Chapter 5 of the Bankruptcy Code.

8. <u>Entire Agreement</u>. This Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreement and discussions. This Settlement Agreement may not be modified, amended or terminated except by an instrument in writing signed by an authorized representative of each of the respective Parties.

9. <u>Representations by the Parties</u>. The Trustee represents and warrants (i) that he has not assigned, sold, transferred, pledged, hypothecated, or otherwise alienated any part of the Frattaroli Judgment and (ii) that he has not domesticated the Frattaroli Judgment in any foreign jurisdiction. The Parties acknowledge that Frattaroli has steadfastly maintained his non-culpability in connection with the Masiz and Frattaroli Proceeding and the Frattaroli Judgment, and agree that this Settlement Agreement is not intended to be and shall not be construed as an admission of liability on Frattaroli's part in connection therewith. The Parties acknowledge that they are entering into this Settlement Agreement knowingly, freely and voluntarily and that the consideration received by each of them is fair and adequate. The Parties represent and acknowledge that they have conferred with and are represented by, or have been given the opportunity to confer with or be represented by, independent legal counsel of their choice with respect to this Settlement Agreement and all matters covered by or related to its subject matter. The Parties declare that they fully understand all of the terms and provisions of this Settlement Agreement and regard the same to be fair and reasonable.

10. <u>Successors and Assigns</u>. All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the successors, assigns, heirs, administrators, executors, and estate of each Party.

11. <u>Authority of Signatories</u>. The persons executing this Settlement Agreement on behalf of each Party represent and warrant that they have the authority to do so.

12. <u>Governing Law</u>. This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of Delaware, without regard to the conflict of laws of the State of Delaware.

13. <u>Non-Reliance and Construction</u>. The Parties have decided to execute this Settlement Agreement based on information developed independently and not in reliance on representations of any other party. The Parties agree that each of them has had a full opportunity



3

to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against any Party.

14. <u>Jurisdiction</u>. The Bankruptcy Court shall have exclusive jurisdiction to adjudicate matters arising under or in connection with this Settlement Agreement. Each of the Parties hereby irrevocably consents to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Settlement Agreement and expressly waives any right to commence any such action in any other forum.

15. <u>Counterparts</u>. This Settlement Agreement may be executed in one or more counterparts, including by facsimile or email attachment, each of which shall be deemed an original, but all of which together constitutes one and the same instrument. Signatures affixed electronically hereto shall be deemed original and authentic.

IN WITNESS WHEREOF, the Parties have each approved and executed this Settlement Agreement as of the date(s) set forth below.

Dated: September 25, 2018

**DAVID W. CARICKHOFF, CHAPTER 7 TRUSTEE OF THE ESTATE OF VASO ACTIVE PHARMACEUTICALS, INC.**

By: _____

Name: David W. Carickhoff

Title: Chapter 7 Trustee

Dated: September 20, 2018

**JOSEPH F. FRATTAROLI**

By: _____

Name: Joseph F. Frattaroli

4