IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ZLOOP, INC., *et al.*, [1] | Case No. 15-11660 (KJC) |
| Debtors. | (Jointly Administered) |
| | Related Docket No.: 642, 661 |

## ORDER AUTHORIZING ABANDONMENT OF REAL PROPERTY
## LOCATED IN HICKORY, NORTH CAROLINA

Upon consideration of the motion (the "Motion")[2] of ZLOOP, Inc., and certain of its

subsidiaries, as debtors and debtors in possession (collectively, the "Debtors") for the entry of an

order under sections 105(a) and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-

1532 (the "Bankruptcy Code"), authorizing the abandonment of certain real property located at

838 14th Street NE, Hickory, NC and any and all improvements thereon (collectively, the

"Hickory Property"); and the Court having jurisdiction to consider the Motion and the relief

requested therein pursuant to 28 U.S.C. § § 157 and 1334; and upon consideration of the Motion;

and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and it appearing

that the relief requested in the Motion will benefit the Debtors' estates, their creditors, and all

other parties in interest; and due and proper notice of the Motion having been provided, and it

appearing that no other or further notice need be provided; and after due deliberation and

sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The Motion is **GRANTED**, as set forth below.

---

[1]     The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: ZLOOP, Inc. (2960); ZLOOP Nevada, LLC (7516); and ZLOOP Knitting Mill, LLC (7098). The location of the Debtors' headquarters and the service address for each of the Debtors is 816 13th Street NE, Hickory, NC 28601.

[2]     Capitalized terms used but not defined herein have the meanings given in the Plan.

2.      The Debtors are authorized to abandon the Property pursuant to section 554(a) of the Bankruptcy Code, and the Property is hereby abandoned effective as of the date of this Order.

3.      The Hickory Property shall not be substantively consolidated with and into the Post-Effective Date Debtor upon the Effective Date and shall not constitute Residual Estate Assets or be revested in the Post-Effective Date Debtor, and the Post-Effective Date Debtor, the Plan Administrator and the Estates shall not be liable for any claims, damages, costs, fees, requests for payment of any kind whatsoever, Claims and/or causes of action against, under, or in connection with the Hickory Property arising from and after the Effective Date. Further, for the avoidance of doubt, any claims, damages, costs, fees, requests for payment of any kind whatsoever, Claims and/or causes of action against, under, or in connection with the Hickory Property arising prior to the Effective Date shall be paid solely from Estate Assets and not from the Plan Administrator Fund or the Creditor Distribution Fund.

4.      The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this order in accordance with the Motion.

5.      The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.

6.      The Court retains jurisdiction to interpret, implement and enforce the provisions of this Order.

Dated: __NoV 14__, 2016
Wilmington, Delaware

_____
Honorable Kevin J. Carey
UNITED STATES BANKRUPTCY JUDGE

2